UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TOP DOG AUTO WASH LLC, | ) |
| Plaintiff, | ) |
| v. | ) CASE NO. 1:24-cv-01312-PLY-MKK |
| THE CELINA MUTUAL INSURANCE COMPANY, | ) |
| Defendant. | ) |

## AMENDED COMPLAINT

Top Dog Auto Wash LLC, ("Plaintiff"), by counsel, for its Complaint against The Celina Mutual Insurance Company ("Defendant") alleges and states as follows:

### Nature of the Case

1. This is an action at law and in equity for damages and injunctive and/or declaratory relief arising out of the acts and omissions of Defendant.

2. Plaintiff brings this action pursuant to the common and statutory law of the State of Indiana.

### Jurisdiction and Venue

3. This Court has jurisdiction over this cause pursuant to 28 U.S.C. § 1332(a) because the amount in controversy exceeds 75,000, exclusive of interest and costs, and because the parties are completely diverse as citizens of different States.

4. Venue is proper in this Court because Defendant routinely conducts business in Bartholomew County and issued a policy of insurance covering various risks including the risk of loss and damage to real property and business personal property located in Bartholomew

County. The case arises out of damage to and indemnification requested regarding real property and certain business personal property located in Bartholomew County.

## Parties

5.      Plaintiff is a domestic limited liability company which, at all relevant times, had an insurable interest in real property situated in Indiana and certain business personal property situated thereon for which insurance coverage was sought from Defendant, which insurance was intended to benefit Plaintiff in the operation of Plaintiff's business. Plaintiff's Registered Agent is Amber Wright and its Member is Tim Wright, both of whom are residents and citizens of the State of Indiana.

6.      Defendant was at all relevant times a foreign property and casualty insurance corporation organized and existing under the laws of the State of Ohio and with headquarters and its principal place of business located at 1 Insurance Square, Celina, OH 45822. Upon information and belief, Defendant is licensed to sell insurance in the State of Indiana. Defendant's registered agent for service of process as listed with the Indiana Department of Insurance is Corporation Service Company, 135 N. Pennsylvania St., Suite 1610, Indianapolis, Indiana, 46204, whose email address is listed as sop@cscglobal.com.

## Factual Allegations

7.      At all times relevant, Plaintiff operated a car wash business located in Bartholomew County at 3059 N. National Rd., Columbus, IN 47201 (hereinafter the "Car Wash") and owned, controlled, operated and had insurable interests in the equipment and business personal property located at the Car Wash and used in connection with Plaintiff's business (hereinafter "Business Personal Property").

7286653

8. At all relevant times, Plaintiff had a policy of insurance through Defendant bearing Policy No. 7308396-0 (hereinafter the "Policy") with policy period of December 31, 2021 to December 31, 2022. A true and accurate copy of the Policy is attached hereto and incorporated herein as Exhibit A.

9. The Policy provided coverage for Plaintiff's Business Personal Property up to $215,000.00, annually increased by four percent (4%) and subject to a twenty-five percent (25%) seasonal increase. The Policy additionally afforded coverage for Plaintiff's business income, subject to an extension, coverage for extra expenses, and provided optional Equipment Breakdown Protection coverage. See Exhibit A.

10. On or around July 13, 2022, Plaintiff suffered a computer system failure at the Car Wash that was, upon information and belief, caused by a lightning storm (hereinafter the "First Loss").

11. On or around November 28, 2022, Plaintiff suffered significant loss to Business Personal Property that was, upon information and belief, caused by a rupture to an underground water pipe servicing the Car Wash; the rupture was caused, upon information and belief, by underground boring operations performed by QC Communications, LLC (hereinafter the "Second Loss").

12. As a result of the First and Second Loss, Plaintiff was forced to shut down or significantly decrease operations of the Car Wash, and suffered significant loss of business income and incurred significant extra expenses (hereinafter the "Business Income Loss", and collectively with the First Loss and Second Loss the "Losses").

13. The Losses were of the type of losses that were intended to be covered by the Policy.

7286653

14. The premium for the Policy was paid and Plaintiff has complied with all terms and conditions of the Policy. To the extent Plaintiff did not strictly comply with any term or condition, such term or condition has been waived by Defendant, and/or Defendant is estopped from enforcing such term or condition.

15. On or around December 30, 2022, Plaintiff contracted with Hope Public Adjusters, LLC, to assist with the Losses and to submit claims under the Policy for the Losses. Plaintiff reasonably expected prompt payment from Defendant for the Losses.

16. To date, Defendant has paid some proceeds to Plaintiff for the Losses but has failed to compensate Plaintiff for the full amount of repairs and/or replacement of Plaintiff's Business Personal Property and Business Income Loss that is owed to Plaintiff under the Policy.

17. As a direct and proximate result of the actions and/or inactions of Defendant, Plaintiff has suffered and continues to suffer significant loss and damage.

## FIRST CAUSE OF ACTION

### (Breach of Contract Against Defendant)

18. Plaintiff incorporates paragraphs 1 through 17 above as if fully restated herein.

19. Plaintiff had a contract with Defendant when the First Loss and Second Loss occurred.

20. Defendant breached the insurance contract by failing to fully pay to Plaintiff the amounts due under the contract.

21. As a direct and proximate cause of Defendant's breach of contract, Plaintiff has been denied the significant policy benefits due under the contract.

7286653

22. As a further direct and proximate cause of Defendant's breach of contract, Plaintiff has suffered reasonably contemplated damages, including without limitation incidental damages, consequential damages, lost business opportunity and profits, and prejudgment interest.

23. Further, as a direct and proximate result of Defendant's breach of the insurance contract, Plaintiff has been forced to engage legal counsel and will be required to pay counsel for their services.

24. Plaintiff prays for judgment on this count in an amount to be determined by a jury at the trial of this matter.

## SECOND CAUSE OF ACTION

### (Declaratory Relief Against Defendant)

25. Plaintiff incorporates paragraphs 1 through 24 above as if fully restated herein.

26. Plaintiff is entitled to a declaratory judgment from this court construing the Policy, including its endorsements, terms, limitations, and conditions, and including other written communications regarding the Policy, and the respective rights and responsibilities of the parties under the Policy, including without limitation whether Defendant has any liability for the losses incurred by Plaintiff.

27. Plaintiff further requests any other relief the court deems equitable and proper, including, but not limited to, an award of attorney fees, interest, and costs.

## THIRD CAUSE OF ACTION

### (Bad Faith Against Defendant)

28. Plaintiff incorporates paragraphs 1 through 27 above as if fully restated herein.

29. During the adjustment of the claim, Defendant adopted an unreasonable and unfounded interpretation of Policy and, upon information and belief, denied or partially denied

the claims on that basis. Defendant's coverage position contravened the terms contained in the Policy issued to Plaintiff, to Plaintiff's detriment. Defendant also failed to conduct a full, fair, and prompt investigation of Plaintiff's claim at Defendant's expense, mischaracterized available evidence relating to the loss in its favor and against the insured, selected and used a biased consultant in connection with its claim investigation, and misrepresented pertinent facts and policy provisions to Plaintiff, all in violation of well-understood and widely accepted good faith claim handling practices.

30. Defendant lacked reasonable justification for its actions, or, in the alternative, should have realized that its construction of the policy was at odds with another reasonable construction of the policy that would have entitled the insured to broad coverage for the First Loss and Second Loss.

31. Defendant placed its interests before the interests of the insured, and unfairly refused to pay policy benefits to which Plaintiff was and is entitled. Defendant has made an unfounded refusal to pay policy proceeds to which Plaintiff was and is entitled.

32. Defendant acted with malice, fraud, gross negligence, a "furtive design" to avoid paying policy proceeds, and/or oppressiveness with respect to Plaintiff's claims.

33. As a result of Defendant's breach of the duty of good faith and fair dealing, Plaintiff has suffered damages that are separate and distinct from the damages caused by the Losses themselves. Plaintiff prays for judgment against Defendant for compensatory damages to be determined by a jury, together with an award of punitive damages as allowed by law to punish Defendant for its outrageous conduct and deter such conduct in the future, plus interest, costs, and attorney fees.

**WHEREFORE**, Plaintiff demands judgment against the Defendant as set forth above plus costs, interest, and attorney's fees as allowed by law.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Indiana Rules of Trial Procedure, Plaintiff demands trial by jury.

Respectfully submitted,

By: /s/ Michael L. Schultz
Michael L. Schultz (20361-49)
Jackson A. Hughes (38226-49)
PARR RICHEY FRANDSEN PATTERSON
  KRUSE LLP
251 N. Illinois Street, Suite 1800
Indianapolis, IN  46204
Telephone:    (317) 269-2500
Facsimile:    (317) 269-2514

*Attorneys for Plaintiff, Top Dog Auto Wash LLC*

7

7286653

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing has been served electronically via the Court's ECF system to the following counsel on this 12th day of September, 2024:

Katherine M. Haire
Timothy B. Spille
REMINGER CO., L.P.A.
College Park Plaza
8909 Purdue Road, Suite 200
Indianapolis, IN 46269

                                          /s/ Michael L. Schultz
                                          Michael L. Schultz

PARR RICHEY FRANDSEN PATTERSON KRUSE LLP
251 N. Illinois Street, Suite 1800
Indianapolis, IN  46204
Telephone:     (317) 269-2500
Facsimile:      (317) 269-2514
E-mail:          mschultz@parrlaw.com
                  jhughes@parrlaw.com

7286653